**FILED**
**Nov 16, 2021**
**12:20 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Donna Davis | ) | Docket No.    2021-06-0188 |
| | ) | |
| v. | ) | State File No.  28188-2021 |
| | ) | |
| Amazon.com, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Kenneth M. Switzer, Chief Judge | ) | |

---

### Affirmed and Remanded

---

This interlocutory appeal arises from the denial by the Court of Workers' Compensation Claims of the employer's motion to deny the employee's request for an independent medical examiner from the Bureau of Workers' Compensation's Medical Impairment Rating Registry ("MIRR"). Following the employee's knee injury and authorized medical treatment, the treating physician assigned no permanent impairment but placed permanent restrictions as recommended in the report of a functional capacity evaluation. The employee filed a petition for benefits and requested an MIRR examiner, contending there was a dispute as to the degree of medical impairment as defined in the applicable regulations. The employer objected and moved to disallow the employee's request, contending there was not a dispute as to the medical impairment because the permanent restrictions imposed by the treating physician related to a condition that pre-existed the employee's work-related injury. The Court of Workers' Compensation Claims denied the employer's motion, and the employer has appealed. Having carefully reviewed the record, we affirm the trial court's decision and remand the case.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

W. Troy Hart and Adam C. Brock-Dagnan, Knoxville, Tennessee, for the employer-appellant, Amazon.com, Inc.

Keith Jordan, Nashville, Tennessee, for the employee-appellee, Donna Davis

1

## Factual and Procedural Background

Donna Davis ("Employee") was employed by Amazon.com, Inc. ("Employer"), and was working as a package handler when she struck her right knee against a conveyor on March 22, 2021. Employer accepted Employee's claim for workers' compensation benefits and provided a panel of physicians from which Employee selected Dr. Harold Nevels. Dr. Nevels subsequently referred Employee to an orthopedic physician, Dr. James Rungee. Dr. Rungee prescribed physical therapy as well as a corticosteroid injection that he later described as producing "equivocal" results. Thereafter, Employee underwent a functional capacity evaluation to determine the level of function she could expect from her knee. According to Dr. Rungee, the evaluation showed that Employee "could only work at a sedentary seated-type job with occasional walking, stooping and stair climbing and no lifting or pushing over 15 pounds."

Employee last saw Dr. Rungee on June 16, 2021. He assigned Employee the permanent restrictions indicated in the functional capacity evaluation and noted Employee was working in a sedentary position with Employer at the time. Further, Dr. Rungee signed a June 16, 2021 report noting that Employee would not have any permanent impairment as a result of her March 2021 injury and stating that, "from her medical history, she does have posttraumatic arthritis that is all related to her remote injury in 1999 and would appear to be compensable under that injury if indeed the history is correct."

On July 28, 2021, Employee filed a petition for benefit determination in which she indicated a dispute existed regarding her impairment rating, noting that Dr. Rungee had indicated she had no medical impairment but had imposed permanent restrictions. Employee requested a review by an MIRR examiner pursuant to Tennessee Code Annotated section 50-6-204(d)(5) and Tenn. Comp. R. and Regs. 0800-02-20. On August 17, the MIRR Program Coordinator issued a report stating, "it appears . . . the MIR Request does indeed meet the definition of a dispute, as defined in [Tenn. Comp. R. and Regs.] 0800-02-21-.01(7)(b)." The report noted that if a party disagreed, a petition for benefit determination could be filed. Employer filed a petition the following day in accordance with Tenn. Comp. R. and Regs. 0800-02-20-.06(2), which indicated a dispute existed as to each of the six categories on the petition, specifically noting a dispute of "MIR applicability."

Employer subsequently filed a motion in limine requesting the court "to deny [Employee's] [MIRR] request."[1] Employer's motion asserted there was no dispute as to the degree of medical impairment because Dr. Rungee had given his opinion that Employee had zero impairment and had indicated that the permanent restrictions he assigned were

---

[1] A motion in limine is a pretrial request that certain evidence not be referred to or offered at trial. *See* Black's Law Dictionary (10th ed. 2014). Employer's motion did not seek to exclude evidence but sought to have the Court of Workers' Compensation Claims deny Employee's request for an independent medical examiner from the MIRR.

related to Employee's preexisting condition. The Court of Workers' Compensation Claims denied Employer's motion, reasoning that "Dr. Rungee did not give a permanent impairment rating but placed restrictions. Thus, by definition, a 'dispute' regarding impairment exists." Employer has appealed.

**Standard of Review**

The standard we apply in reviewing the order of the Court of Workers' Compensation Claims presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2021). While we give considerable deference to factual findings made by the court that are based on in-court testimony, *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009), "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence," *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2021).

**Analysis**

Tennessee Code Annotated section 50-6-204(d)(5) (2021) provides that "[w]hen a dispute exists as to the degree of medical impairment, either party may request an independent medical examiner from the administrator's registry." The regulations promulgated by the administrator define "[d]ispute of degree of medical impairment" to include, among other circumstances, those where "[a] physician has issued an opinion in compliance with the Act that no permanent impairment exists, yet that physician has issued permanent physical or mental (psychiatric) restrictions to the injured employee." Tenn. Comp. R. & Regs. 0800-02-20-.01(7)(b) (2018).

Employer raises a single issue on appeal, asserting no dispute as to the degree of medical impairment exists "when permanent physical restrictions are assigned to a non-work-related injury." In his June 16 report, Dr. Rungee outlined Employee's medical history concerning her right knee.

> Her medical issue is a little bit more complex and she has had an injury to her right knee . . . at her former job with [Employer] in Memphis where she had also hit it on a conveyor system and was out of work for 2 months, going to therapy with that before moving to Nashville in March in her current job.

3

She had a work-related anterior cruciate ligament in 1999 when she was working loading [a] truck and twisted her knee. Workup had included an MRI, which showed no visualized ACL graft and her PCL appeared lax. As a consequence of [] having an ACL deficient knee, she had partial medial and lateral meniscectomies and grade 3 degenerative changes in all compartments of the knee, pronounced at the medial compartment with chondral defects and fissures.

Dr. Rungee also stated in the report that he had "counseled [Employee] that she has moderately severe posttraumatic arthritis of her knee and [] given that she has had 2 minor injuries with pain just in the preceding 6 months, [] she will consider [a] more sedentary-type job than her current job at [Employer]." Further, he noted that Employee "elected to undergo a functional capacity evaluation to determine with objectivity just what level of function she could expect from her knee," relating that the evaluation showed that Employee "could only work at a sedentary-type job with occasional walking, stooping and stair climbing and no lifting or pushing over 15 pounds." After noting Employee would not have any permanent impairment "assignable to her most current contusion of the knee," he said Employee "does have posttraumatic arthritis that is all related to her remote injury in 1999."

Employer argued in the Court of Workers' Compensation Claims that "[a] proper reading of Dr. Rungee's medical records" leads to the conclusion that "Employee's work-related contusion did *not* induce any permanent medical impairment," and that "Employee's post-traumatic arthritis – *not* the knee contusion – gave rise to her permanent physical restrictions." According to Employer, "[t]o put it differently, the non-work-related injury *is* the genesis for the permanent restrictions, according to Dr. Rungee." We disagree with Employer's interpretation of Dr. Rungee's report.

In analyzing Employer's position, the Court of Workers' Compensation Claims noted that Dr. Rungee "did not give a permanent impairment rating but placed restrictions," concluding that, "by definition, a 'dispute' regarding impairment exists." Turning to Employer's motion in limine, the court noted that the only issue was the merits of Employee's request for an evaluation by a MIRR physician, "an issue that does not pose an evidentiary question." While our analysis does not address whether filing a motion in limine under these circumstances was proper or appropriate, we nonetheless fail to discern any error in the court's denial of Employer's motion to deny Employee's request for an independent examiner from the MIRR program.

The purpose of the MIRR program is to comply with and implement the statutes establishing a resource to resolve disputes regarding the degree of permanent medical impairment for injuries subject to the Workers' Compensation Act. *See* Tenn. Comp. R. & Regs. 0800-02-20-.02(1). The regulations clearly define a "dispute of degree of medical impairment" to include those circumstances in which a physician who has expressed an

4

opinion that no permanent impairment exits "yet that physician has issued permanent physical . . . restrictions to the injured employee" as Dr. Rungee did here. Unlike Employer's interpretation of Dr. Rungee's statements, we conclude the medical records before us do not address the underlying source or cause of Employee's permanent restrictions; rather, the records are silent in that regard and only attribute the existence of Employee's post traumatic arthritis "to her remote injury in 1999."

**Conclusion**

For the foregoing reasons, we affirm the order of the Court of Workers' Compensation Claims denying Employer's motion and remand the case. Costs on appeal are taxed to Employer.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Donna Davis | ) | Docket No.  2021-06-0188 |
| | ) | |
| v. | ) | State File No.  28188-2021 |
| | ) | |
| Amazon.com, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Kenneth M. Switzer, Chief Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 16th day of November, 2021.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| W. Troy Hart<br>Adam Brock-Dagnan | | | | X | wth@mijs.com<br>acbrock-dagnan@mijs.com |
| Keith Jordan | | | | X | jordanlawoffice@comcast.net |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

*O. Yearwood*

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov